**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION**

| | |
|---|---|
| BRANDON C. PAYNE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:21-CV-24-JAR |
| ) | |
| DAN REDINGTON, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER FOR PETITIONER TO SHOW CAUSE

This matter is before the Court upon petitioner Brandon C. Payne's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. Because the petition appears to be time-barred, the Court will order petitioner to show cause why it should not be dismissed.

Petitioner is presently incarcerated at the Northeast Correctional Center ("NECC"). On January 25, 2012, he pleaded guilty to one count of statutory rape and five counts of statutory sodomy. *See State v. Brandon Cameron Payne,* No. 1022-CR04101-01 (22nd Jud. Cir. 2012). On May 11, 2012, petitioner was sentenced to an aggregate prison term of 20 years. He did not seek direct review.

On June 29, 2012, petitioner filed a motion for post-conviction relief in state court. *See Brandon Cameron Payne v. State of Missouri,* No. 1222-CC09135 (22nd Jud. Cir. 2012). The motion was denied, and petitioner appealed. The Missouri Court of Appeals for the Eastern District of Missouri affirmed the motion court's decision, and issued its mandate on December 10, 2014. *See Brandon Cameron Payne v. State of Missouri,* No. ED100854 (Mo. Ct. App. 2014).

On August 13, 2015, petitioner filed a petition for writ of habeas corpus in the Circuit Court of Texas County, Missouri. *Brandon C. Payne v. Michael Bowersox,* No. 15TE-CC00319 (25th Jud. Cir. 2015). On January 4, 2016, the Circuit Court denied the petition.

Petitioner does not aver, nor is it apparent, that he sought any other form of relief in state court until December 1, 2017, when he filed another petition for writ of habeas corpus in the Circuit Court of Texas County, Missouri. *Brandon C. Payne v. Jeff Norman,* No. 17TE-CC00461 (25th Jud. Cir. 2017). On February 28, 2019, the Circuit Court denied the petition. On March 26, 2019, petitioner filed a petition for writ of habeas corpus in the Missouri Court of Appeals for the Southern District. *Brandon C. Payne v. Jeff Norman,* No. SD36032 (Mo. Ct. App. 2019). On March 27, 2019, the Missouri Court of Appeals denied the petition. *Id.* On May 21, 2019, petitioner filed a petition for writ of habeas corpus in the Missouri Supreme Court. *Brandon C. Payne v. Jeff Norman,* No. SC97902 (Mo. 2019). On June 25, 2019, the Missouri Supreme Court denied the petition.

On October 23, 2019, petitioner filed a petition for writ of habeas corpus in the Circuit Court of Pike County, Missouri. *Brandon C. Payne v. Dan Redington,* No. 19PI-CC00053 (45th Jud. Cir. 2019). On August 24, 2020, the Circuit Court denied the petition. On September 11, 2020, petitioner filed a petition for writ of habeas corpus in the Missouri Court of Appeals for the Eastern District. *Brandon C. Payne v. Dan Redington,* No. ED109156 (Mo. Ct. App. 2020). On that same date, the Missouri Court of Appeals denied the petition. On October 8, 2020, petitioner filed a petition for writ of habeas corpus in the Missouri Supreme Court. *Brandon C. Payne v. Dan Redington,* No. SC98756 (Mo. 2020). On December 22, 2020, the Missouri Supreme Court denied the petition.

In the instant petition, petitioner avers he placed the petition in the institution's mailing system on March 17, 2021. The Court therefore determines the petition to have been filed on that date. *See* Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts ("A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day of filing.").

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Nothing in the instant petition suggests subsections (B), (C) or (D) of § 2244(d)(1) could be applicable. Therefore, the Court finds the one-year limitations period commenced in accordance with § 2244(d)(1)(A), when petitioner's judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review.

In Missouri criminal cases, a judgment is final if it "disposes of all disputed issues in the case and leaves nothing for future adjudication." *State v. Waters*, 597 S.W.3d 185, 187 (Mo.

2020). Here, the judgment and sentence entered on May 11, 2012 fully decided and disposed of all of the issues in the criminal proceeding against petitioner. Accordingly, judgment became final on that date, and petitioner had ten days therefrom, or until May 21, 2012, to seek direct review. *See* Mo. Sup. Ct. R. 30.01(a). Because petitioner did not seek direct review, judgment became final for purposes of the federal habeas statute on May 21, 2012, the date upon which the time for seeking such review expired. 28 U.S.C. § 2244(d)(1)(A). Accordingly, the one-year limitation period began to run on that date. However, petitioner did not file the instant petition until March 17, 2021, nearly nine years later.

Under 28 U.S.C. § 2244(d)(2), the one-year limitation period for filing a federal habeas petition is tolled while "a properly filed application for State post-conviction or other collateral review ... is pending." *Williams v. Bruton*, 299 F.3d 981, 982 (8th Cir. 2002). The pendency of post-conviction review includes the time between the motion court's denial of post-conviction relief and the filing of an appeal from the denial, *Beery v. Ault*, 312 F.3d 948, 950 (8th Cir. 2002); and the time during the appeal process through and including the date upon which the court of appeals issues its mandate. *Payne v. Kemna*, 441 F.3d 570, 572 (8th Cir. 2006). The ninety days within which to file a petition for writ of certiorari to the United States Supreme Court after the denial of post-conviction relief is not tolled. *Lawrence v. Florida*, 549 U.S. 327 (2007); *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001).

In this case, the one-year statute of limitations period ran for 39 days, from May 21, 2012 (the date the period began to run) until June 29, 2012 (the date petitioner filed a motion for post-conviction relief in the motion court). The limitations period was then tolled for a total of 894 days, or until December 10, 2014, the date the Missouri Court of Appeals issued its mandate after affirming the motion court's decision. The statute began running again the following day,

4

December 11, 2014, and continued to run for 245 days, or until August 13, 2015, when petitioner filed a petition for writ of habeas corpus in the Circuit Court for Texas County. At this point, the federal habeas statute had run for a total of 284 days. The statute was then tolled for 144 days, and began running again for the final time on January 5, 2016, the day after the Circuit Court for Texas County denied petitioner's state petition for writ of habeas corpus. Petitioner sought no other form of collateral relief until he filed a second petition for writ of habeas corpus in the Circuit Court for Texas County on December 1, 2017, 696 days later. However, that action and petitioner's subsequent state habeas actions cannot serve to toll the federal habeas statute because they were filed after its expiration. *See Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 853 (8th Cir. 2003) (citing *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001)).

It therefore appears the petition is time-barred, and the Court will order petitioner to show cause why it should not be dismissed as such. *See Day v. McDonough*, 126 S. Ct. 1675, 1684 (2006) (district court must give notice to petitioner before *sua sponte* dismissing petition as time-barred).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner shall show cause, in writing and **no later than thirty (30) days from the date of this order**, why his petition should not be dismissed as time-barred.

**Petitioner's failure to timely comply with this order shall result in the dismissal of this action, without prejudice and without further notice.**

Dated this 14th day of May, 2021.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

5