UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| BRANDON C. PAYNE, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 2:21-CV-24-JAR ) |
| DAN REDINGTON, | ) ) |
| Respondent. | ) ) |

## MEMORANDUM AND ORDER

This Court previously ordered petitioner to demonstrate why his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus should not be dismissed as time-barred, and petitioner has now responded. Having reviewed and considered petitioner's response, the Court has determined to dismiss the petition without further proceedings.

### Background

As fully explained in this Court's May 14, 2021 order, and as petitioner concedes, the petition is untimely. Following is a brief recitation of the relevant procedural background. Petitioner filed the petition to challenge his 2012 convictions and aggregate 20-year prison sentence for one count of statutory rape and five counts of statutory sodomy, imposed following his guilty plea, in connection with his actions against a child less than twelve years of age.[1] The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) gives state prisoners one year to file a federal habeas petition, starting from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because petitioner did not seek direct review, the judgment he challenges became final for purposes of the federal habeas statute of limitations on May 21, 2012.

---

[1] *See State v. Brandon Cameron Payne*, No. 1022-CR04101-01 (22nd Jud. Cir. 2012).

The statute ran for 39 days until petitioner filed a motion for post-conviction relief in State court, and was tolled during the pendency of those proceedings. The statute began running again on December 11, 2014, and continued running for 245 days until petitioner filed a petition for writ of habeas corpus in state court. The statute was tolled during the pendency of those proceedings, and began running for the final time on January 5, 2016. Nearly two years later, petitioner again sought habeas relief in Missouri State court, but those proceedings cannot serve to toll the federal statute because they were initiated after its expiration. Petitioner did not file the instant petition until March 17, 2021. It therefore cannot be considered timely under § 2244(d)(1)(A), and nothing before the Court indicates that subsections (B), (C), or (D) could be applicable.

In the response now before the Court, petitioner argues that this Court should overlook the untimeliness of his petition because he is "actually innocent of first degree statutory sodomy because there was no medical evidence of penetration necessary to prove the necessary element of deviate sexual intercourse." (ECF No. 7 at 1). Petitioner reasons that "[u]nder Missouri law deviate sexual intercourse requires proof of penetration to sustain a conviction on that element of those charged offenses," but "the State's evidence at [his] plea hearing for the sodomy counts involved only sexual contact and did not establish that [he] committed an act of deviate sexual intercourse that involved penetration." *Id.* Petitioner also argues that because the State lacked sufficient evidence to prove that element of the statutory sodomy counts, his attorney was ineffective for counseling him to plead guilty.

Next, petitioner references an August 2, 2019 letter that he received from Assistant Circuit Attorney Jeffrey M. Estes of the St. Louis City Circuit Attorney's Office, which he characterizes as "new evidence." *Id.* at 2. Citing the letter, petitioner contends: "Even the Circuit Attorney's Office who charged petitioner has conceded in a recent correspondence that petitioner is innocent

of statutory sodomy." *Id.* Petitioner also notes Mr. Estes's statement that the State may have "overcharged" the statutory sodomy counts, and concludes it would therefore have been "very difficult" for a jury to find him guilty. *Id.* Petitioner identifies Mr. Estes's letter as his "Exhibit C," and it is docketed in this Court's record as ECF No. 1-5.[2]

## Discussion

The United States Supreme Court has held that the miscarriage of justice, or "actual innocence," exception for procedural defaults and untimely petitions survived passage of the AEDPA. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). If proved, actual innocence serves as a gateway through which a time-barred petition may proceed to review upon the merits. *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 324 (1995) and *House v. Bell*, 547 U.S. 518 (2006)). As petitioner notes in the instant response, the Eighth Circuit, citing *McQuiggin*, has described the actual innocence standard as "demanding." *See, e.g.*, *Williams v. Hobbs*, 509 F. App'x 558 (8th Cir. 2013) (per curiam).

"To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. "'Actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. U.S.*, 523 U.S. 614, 623 (1998) (citing *Sawyer v. Whitley*, 505 U.S 333, 339 (1992)). That means the new reliable evidence must show the petitioner is factually innocent of the charge for which he is incarcerated, as opposed to legally innocent as a result of a legal

---

[2] In the instant response, petitioner indicates that Mr. Estes's letter is attached to his memorandum of law in support of his § 2254 petition. However, there are no attachments to that document. Instead, the letter is attached to petitioner's § 2254 petition.

3

error. Absent new reliable evidence and facts showing actual innocence, even the existence of a meritorious claim of a federal constitutional violation is not alone sufficient to establish a miscarriage of justice that would allow the district court to reach the merits of an untimely habeas claim. *Schlup*, 513 U.S. at 316.

The Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare," and "a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin*, 569 U.S. at 386 (quoting *Schlup,* 513 U.S at 329). A petitioner's delay is relevant to the appraisal of an actual-innocence claim. A district court should consider a petitioner's unjustifiable delay "as a factor in determining whether actual innocence has been reliably shown." *Id.*

In the case at bar, petitioner offers Mr. Estes's letter, and characterizes it as "new evidence" to support his claim of actual innocence. (ECF No. 7 at 2). However, while the letter indeed post-dates petitioner's State court criminal proceedings, it does not amount to, or even reference, new evidence. Instead, the letter addresses the State's evidence related to the statutory sodomy counts as it existed at the time of petitioner's State court criminal proceedings, information that was available at that time. The letter therefore cannot be characterized as new reliable evidence that was not presented at trial that shows petitioner is factually innocent of statutory sodomy.

Even if the letter could be characterized as new reliable evidence, it would not support a claim of factual innocence. Despite petitioner's contention, Mr. Estes does not concede petitioner's innocence. In fact, he explicitly and repeatedly states the opposite, and specifically,

   I just don't think you are innocent.

   . . .

4

> So you may have been over charged on [the statutory sodomy] counts, [but] you aren't innocent.
>
> . . .
>
> I don't believe that you are innocent. We only do innocence cases. Sorry, we can't help you.

(ECF No. 1-5 at 1-2). Also despite petitioner's contention, Mr. Estes's statement that petitioner may have been overcharged on the statutory sodomy counts does not demand the conclusion that no reasonable juror would have voted to find him guilty of statutory sodomy. After noting that petitioner may have been overcharged, Mr. Estes wrote:

> Now for the issue of medical evidence. The lack of medical evidence supporting the allegations does not mean they didn't happen. She alleged digital penetration of the anus and vagina. Digital penetration would not necessarily cause an injury. She also alleged penile penetration of the anus. That would also not necessarily cause an injury . . .

*Id.* at 2. To establish actual innocence, a habeas petitioner must show that, in light of the new evidence, no reasonable juror would have convicted him. *McQuiggin*, 569 U.S. at 386 (quoting *Schlup*, 513 U.S at 329). Here, Mr. Estes's letter does not demand the conclusion that no reasonable juror would have convicted petitioner of statutory sodomy. Instead, it notes that the victim alleged that penetration occurred, and offers reasons why the lack of medical evidence is not a compelling reason to conclude it did not occur.

Finally, petitioner offers no justification for waiting more than one and one-half years from the date of the letter to bring his actual innocence claim in this Court. Petitioner's unjustified delay is relevant to this inquiry, and weighs against finding he has reliably shown actual innocence. *See McQuiggin*, 569 U.S. at 386 (quoting *Schlup*, 513 U.S. at 329). In sum, even if Mr. Estes's letter could be considered new reliable evidence that was not presented at trial, it would not support a

reliable claim of actual innocence sufficient to avail petitioner of the miscarriage of justice, or actual innocence, gateway.

In addition to offering the letter, petitioner repeatedly contends the State lacked medical evidence to prove that penetration occurred, and can be understood to claim the State's evidence was therefore insufficient to support his convictions of statutory sodomy. Petitioner also claims his attorney rendered ineffective assistance by counseling him to plead guilty to those charges, and he claims his due process rights were violated because there was an insufficient factual basis for his plea. Petitioner does not offer arguments or claim to have evidence that would show his factual innocence of the crimes. Instead, he focuses upon the legal validity of his convictions, and claims they were obtained in violation of his constitutional rights. Petitioner's claims are claims of legal, not factual, innocence. *See Narcisse v. Dahm,* 9 F.3d 38 (8th Cir. 1993) (distinguishing between claims of legal innocence and factual innocence). Absent new reliable evidence and facts showing actual innocence, even meritorious claims of constitutional violations are not alone sufficient to establish entitlement to the actual innocence gateway. *See Schlup,* 513 U.S. at 316.

Because petitioner has not produced new reliable evidence showing he is factually innocent of the charges for which he is incarcerated, he cannot use the actual innocence doctrine to avoid the AEDPA's one-year limitations period. *See Bousley,* 523 U.S. at 623; *see also Sawyer*, 505 U.S. at 339 (noting that the Supreme Court has "emphasized that the miscarriage of justice exception is concerned with actual as compared to legal innocence"); *Narcisse*, 9 F.3d at 40 (reversing district court's application of the actual innocence exception and grant of habeas relief where the petitioner's claim was one of legal, not factual, innocence); *Moore v. Sachse*, 421 F. Supp. 2d 1209, 1214 (E.D. Mo. 2006) (citing *Pitts v. Norris*, 85 F.3d 348, 350-51 (8th Cir. 1996)) ("Pursuing an argument of legal innocence with no new evidence establishing *factual* innocence is insufficient

6

to invoke the actual innocence exception."). Therefore, having determined the petition is untimely and that petitioner has failed to show cause why it should not be dismissed as such, the Court will now summarily dismiss it pursuant to Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, which requires this Court to summarily dismiss a § 2254 petition if it plainly appears the petitioner is not entitled to relief. *See Day v. McDonough*, 126 S. Ct. 1675, 1684 (2006) (a district court can dismiss an untimely § 2254 petition on its own motion after giving notice to the petitioner).

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts requires this Court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2), *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). For the reasons set forth above, the Court finds petitioner has made no such showing. The Court will therefore decline to issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED** and **DISMISSED** without prejudice as untimely. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that petitioner's motion for the appointment of counsel (ECF No. 2) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 9th day of August, 2021.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE